# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ANTONIO G. STEWART                                                          PLAINTIFF

v.                                               CIVIL ACTION NO. 5:17-CV-P132-TBR

CHRISTAN COUNTY JAIL *et al.*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Antonio G. Stewart leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss the claims against the Christian County Jail (CCJ) and the official-capacity claims, but will allow Plaintiff to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the CCJ and four CCJ deputies in their official capacities –Adam Wayne Ellison, James Bradley Hageman, Steven Alan Kelley, and Christopher Du Marlar.

In his complaint, Plaintiff states as follows:

On May 14, 2017 . . . upon detainment at [CCJ], I was met by the deputies as listed . . . I was then took to a detox cell . . . The four deputies take me to the ground with [illegible] force. Once on the ground, . . . [Defendant] Kelley had my left arm gripped tightly in his arm & two hands. He began kneeing me in my face & beating my face into the floor. [Defendants] Hageman & Marlar had my legs. [Defendant] Ellison was stratled across my back. As I began to try to protect my face from the kneeing & pounding by [Defendant] Kelley, I began getting tased with a X26P Tazer in my back. Another deputy then dry taze me with another X26P Tazer in the back right calf of my leg. In the mist of the second tazer in my leg, [Defendant] Ellison was struck by my foot around his face. I was hit by another cycle from a X26P Tazer in my back. After asking, begging, & pleading for them to stop, [Defendant] Ellison sprayed OC aerosol around my right eye forcing the aerosol into my eye. When [Defendant] Ellison got to my left eye, without concern about the eye patch, forced his fingers under my eye patch where I sustained major injury to both of my eyes. While laying helpless, one of the

deputies in question then began to remove my rings off my left hand. My pinky finger & thumb on my left hand was both injured could be even broken. I do know both will not bend at the joint. On May 22, 2017, I finally got to go to an eye doctor on the outside but the jail gave the doctor limitations to aid me & give me the proper treatment that I need. On June 6, 2017 is when I go so x-rays done & the nurse at [CCJ] would not allow me to see the x-rays & still to this date of August 17, 2017, I still yet to have had the proper medical attention. The eye doctor said I will never see right ever again. My eye sight went from 20/20 left eye, 20/20 right eye to 20/70 left eye and 20/40 right eye. It finally got to 20/40 left eye & 20/25 right eye. The Jail would not allow the eye doctor do the muscle surgery nor give me any type of glasses for the time I'm here at the jail. The left eye gives me pain in bright light such as the lights in the cell & the sun light. My sight will never be the same, especially waiting this long to get out & get the medical attention I need.

Plaintiff attaches, as exhibits to the complaint, a copy of CCJ's incident report from May 14, 2017, and copies of his requests to see his x-rays.

As relief, Plaintiff seeks punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's complaint as attempting to bring constitutional claims for the use of excessive force and for deliberate indifference to his serious medical needs. As written, however, Plaintiff's complaint fails to state a claim upon which relief may be granted.

As noted above, Plaintiff has sued CCJ and the four individual Defendants in their official capacities. The Court must dismiss Plaintiff's claims against CCJ because it is not an entity subject to suit under § 1983. *Matthews v. Jones,* F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the jail are against Christian County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). In addition, "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the individual Defendants are actually also against Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any alleged constitutional injury was the result of an official custom or policy of Christian County. As such, the complaint fails to state a claim upon which relief may be granted.

The Court, however, will allow Plaintiff an opportunity to amend his complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against the Christian County Jail and his official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**. To proceed with his excessive-force claim, Plaintiff should sue Defendants Ellison, Officer Hageman, Kelley, and Marlar in their individual capacities. Plaintiff need not restate his allegations concerning the excessive-force incident. Moreover, if Plaintiff seeks to proceed with a claim for deliberate indifference to his serious medical needs, he should name as Defendants the persons who allegedly fail to treat his serious medical needs, sue them in their individual capacities, and explain how each person allegedly violated his rights. He should also complete a summons for each newly named Defendant.

The Clerk of Court is **DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form, along with four summons forms, and send them to Plaintiff for his completion should he wish to file an amended complaint.

**<u>Plaintiff is WARNED that his failure to file an amended complaint within the time allotted will result in dismissal of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted</u>**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.0011