UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ANTONIO G. STEWART                                                                        PLAINTIFF

v.                                                                  CIVIL ACTION NO. 5:17-CV-P132-TBR

CHRISTIAN COUNTY JAIL *et al*.                                                         DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Antonio G. Stewart filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on November 3, 2017 (DN 6), the Court completed an initial screening of the complaint pursuant to 28 U.S.C. § 1915A. On November 17, 2017, the copy of the Memorandum Opinion and Order mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender-Not Deliverable as Addressed-Unable to Forward" (DN 7).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders, nor notices from this Court, nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

A review of the docket reveals that over a month has passed without Plaintiff providing any notice of an address change. Consequently, neither orders from this Court nor filings by Defendants can be served on him. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.011